Yu v. Holder

BIA
Abrams, IJ
A099 930 793

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of July, two thousand thirteen.

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **ROSEMARY S. POOLER,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

JIA FU YU,
>    *Petitioner*,

>        v.                                    11-5011
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:              Gary J. Yerman, New York, NY.

FOR RESPONDENT:              Stuart F. Delery, Assistant Attorney General; David V. Bernal, Assistant Director; Dara S. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED and the pending motion for a stay of removal is DENIED as moot.

Petitioner Jia Fu Yu, a native and citizen of the People's Republic of China, seeks review of a November 9, 2011, decision of the BIA affirming the March 24, 2010, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Fu Yu*, No. A099 930 793 (B.I.A. Nov. 9, 2011), *aff'g No.* A099 930 793 (Immig. Ct. N.Y. City Mar. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Yu argues that the agency erred in finding that he had not demonstrated past persecution or a well-founded fear of future persecution based on his "other resistance" to Chinese family planning policies. Yu's arguments are unavailing.

In finding that Yu had not demonstrated past persecution, the agency reasonably determined that the harm Yu suffered — being arrested, detained, and slapped in the face by family planning officials — did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that a "minor bruising from an

2

altercation with family planning officials, which required no formal medical attention and had no lasting physical effect," did not amount to persecution). Although minor injuries inflicted in the context of detention may rise to the level of persecution, here, because Yu was detained only briefly, and the slap he received left no permanent marks and required no formal medical attention, the agency did not err in concluding that such harm did not rise to the level of persecution. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a case-by-case adjudication as to the circumstances surrounding the harm inflicted during petitioner's arrest or detention); *see also Jian Qiu Liu*, 632 F.3d at 822.

The agency's determination that Yu did not suffer past harm rising to the level of persecution obviates any presumption of a well-founded fear on the basis of that harm. *See* 8 C.F.R. § 1208.13(b)(1). However, Yu alleged a fear of future harm based on his failure to publicly disavow his criticism of the Chinese family planning policy and his failure to pay a fine, which were conditions of his release from detention. The agency's determination that Yu had not independently proven a well-founded fear of persecution on this basis was not in error. As the BIA found, Yu did not allege that he would be sterilized if returned to China for violating the family planning policy. Furthermore, as the agency noted, Yu lived in China unharmed for three months following his release from detention; although authorities sought him out, they did not harm his relatives; Yu conceded that no arrest warrant issued and no additional fine was imposed; and there was no evidence in the record that authorities continued to seek to harm him. *See*

3

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that an applicant must demonstrate an objective fear of persecution in order to establish that he has a well-founded fear of future persecution); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").  Because the agency did not err in concluding that Yu failed to establish past persecution or a well-founded fear of persecution as required for asylum, it also did not err in denying withholding of removal and CAT relief as those claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4